**BRIAN LLOYD**,

        Plaintiff,

        v.

**INGENUITY PREP PUBLIC CHARTER SCHOOL**,

        Defendant.

Case No. 1:18-cv-00801 (TNM-GMH)

**MEMORANDUM ORDER**

Under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, an aggrieved party has "the right to bring a civil action" in federal court challenging the administrative agency's decision. The party "bringing the action" has 90 days "to bring such an action." In his Report and Recommendation, the Magistrate Judge found that Ingenuity's counterclaim challenging the agency's decision was untimely because it was filed more than 90 days after the administrative process ended. Given the plain language of the statute, the Court agrees and thus will adopt the Report and Recommendation.

**I.**

Brian Lloyd is the father of a student, M.L., who is protected by the IDEA. Compl. at 2, ECF No. 1. Mr. Lloyd filed a due process complaint against Ingenuity. Exhibit 1 at 2, ECF 1-1. In the final administrative decision, a hearing officer ordered Ingenuity to authorize additional hours of tutoring, complete certain evaluations of M.L., and hold a meeting to revise M.L.'s Individualized Education Program. *Id.* at 17–18. But the hearing officer denied Mr. Lloyd's other requested relief. *Id.*

Mr. Lloyd filed this action to recover reasonable attorneys' fees under the IDEA.[1]
Compl. at 1.  When Ingenuity filed its answer, it also brought a counterclaim challenging the
hearing officer's determination.  Def.'s Answer and Counterclaim at 9, ECF No. 3.  In response,
Mr. Lloyd moves to dismiss Ingenuity's counterclaim as time-barred under the IDEA because it
was filed more than 90 days after the hearing officer's determination.  Pl.'s Mot. to Dismiss at 1,
ECF No. 5.  Mr. Lloyd argues that under the IDEA, a party has only 90 days to "bring [an]
action" challenging the hearing officer's determination, citing 20 U.S.C. § 1415(i)(2)(B).  *Id.* at
3.  Ingenuity opposes Mr. Lloyd's motion, arguing that the IDEA's statute of limitations does not
apply because filing a counterclaim is not "bring[ing] an action."  Def.'s Mem. at 2–3, ECF No.
6.

After full briefing, the Magistrate Judge issued his Report and Recommendation,
recommending that the Court grant the Mr. Lloyd's Motion to Dismiss.  Report and
Recommendation ("R. & R."), ECF No. 9.  Ingenuity filed its Objections to the Magistrate
Judge's Report and Recommendation, *see* Objs., ECF No. 10, and Mr. Lloyd responded, *see*
Reply, ECF No. 13.

**II.**

Mr. Lloyd moves to dismiss Ingenuity's counterclaim for failure to state a claim upon
which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A party may raise a statute of limitations
argument in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "when the facts
that give rise to the defense are clear from the face of the [document]."  *Smith–Haynie v. District
of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998).  The Court "may look to [the] record of
another proceeding to avoid unnecessary proceedings when an undisputed fact on the public

---

[1]  The Court has federal question jurisdiction over this case.  See 28 U.S.C. § 1331.

record makes it clear that [a party] does not state a claim upon which relief could be granted." *Covad Comms. Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

After a magistrate judge issues a report and recommendation, any party may file written objections within 14 days. *See* LCvR 72.2(b). If a timely objection is made, then the Court will "make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

## III.

"As in any statutory construction case, we start, of course, with the statutory text, and proceed from the understanding that unless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning." *Sebelius v. Cloer,* 569 U.S. 369, 376 (2013) (cleaned up). Under the IDEA, an aggrieved party "has the right to bring a civil action" in federal district court challenging the hearing officer's findings or decision. *See* 20 U.S.C. § 1415(i)(2)(A). And "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action." *Id.* § 1415(i)(2)(B).[2] The question is whether counterclaims are included in this limitation.

First, the word "action" is broad enough to include a counterclaim. "[T]he term 'action' has been at times construed to include a counterclaim." *Bowles v. Murray*, 68 F. Supp. 447, 448 n.2 (D.D.C. 1946); *see also Black's Law Dictionary* (10th ed. 2014) (defining "action" broadly as "[a] civil or criminal judicial proceeding"). Even the leading case that Ingenuity relies on, *Jonathan H. v. Souderton Area School District*, acknowledged that "[t]he word 'action,' without more, is arguably broad enough to encompass any type of judicial proceeding, including

---

[2] The statute also allows for a state law statute of limitations, but that is not at issue. *See* 20 U.S.C. § 1415(i)(2)(B).

counterclaims." 562 F.3d 527, 529 (3d Cir. 2009). It follows that because the term "action" can include a "counterclaim," a party bringing an "action"—here a counterclaim—would be subject to the 90-day limitations period of section 1415(i)(2)(B).

True, at first blush, the phrase "bringing an action" sounds like filing a lawsuit. But this phrase is the typical language of statutes of limitations. As the Supreme Court has explained, "[t]he terms of a typical statute of limitation provide that a cause of action *may or must be brought* within a certain period of time." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 416 (1998) (emphasis added).

A counterclaim, seeking affirmative relief, is typically subject to the same statute of limitations as a would-be complaint, seeking the same relief. *See, e.g.*, *King v. Barbour*, 240 F. Supp. 3d 136, 140 (D.D.C. 2017) (dismissing a compulsory counterclaim because it was not filed within the one-year statute of limitations); *see also Hurst v. U.S. Dep't of Educ.*, 901 F.2d 836, 837 (10th Cir. 1990) (explaining that under federal limitations law "[i]t is fairly well established . . . that a counterclaim for affirmative relief . . . is subject to the operation of pertinent statutes of limitation"). This makes sense because the "essence of a counterclaim, especially one that arises from the same transaction or occurrence, is that it is a claim in and of itself." *District of Columbia v. Reusch, et al.*, No. 04-cv-00266-RCL, slip op. at 15 (D.D.C. Mar. 31, 2005).

In the words of the Magistrate Judge, "the language . . . 'bringing an action' is not an exotic species of restraint mandating that the operative statute of limitations governs only claims that initiate a lawsuit, but rather is a conventional phrase that establishes a conventional limitations period—and federal law dictates that such a conventional limitations period

constrains any cause of action that falls within its purview, whether brought as an original claim or as a counter- or cross-claim." R. & R. at 8.

The D.C. Circuit has held that a statute of limitations with language like section 1415(i)(2)(B) applied to counterclaims. *See I.A.M. Nat. Pension Fund Benefit Plan A v. Cent. States S.E. & S.W. Areas Health & Welfare & Pension Funds*, 830 F.2d 1163, 1168 n.6 (D.C. Cir. 1987). In that case, the D.C. Circuit remanded to allow the defendant to amend its pleading to state a specific counterclaim. *Id.* at 1168. In doing so, it explained that the district court need not apply the relation-back doctrine because the counterclaim was timely and then specified the proper statute of limitations: 29 U.S.C. § 1415(f). *Id.* at 1168 n.6. Section 1415(f)(1) states that "[a]n action under this section may not be brought after" either six or three years. That is, even though the statute of limitations referenced the *bringing* of an action, the D.C. Circuit determined that the limitations period applied to counterclaims. So too here.

This conclusion tracks with the rest of the statutory provisions. The phrase "bring an action" is used several times in section 1415(i). Section 1415(i)(1) states that a hearing officer's determination "shall be final" unless a party "bring[s] an action" under section 1415(i)(2). And section 1415(i)(2)(A) gives parties "the right to bring a civil action" challenging the hearing officer's determination. "One ordinarily assumes 'that identical words used in different parts of the same act are intended to have the same meaning.'" *Util. Air Regulatory Grp. v. EPA*, 573 U.S. 302, 319–20 (2014) (quoting *Envtl. Def. v. Duke Energy Corp.*, 549 U.S. 561, 574 (2007)).

Suppose Ingenuity is correct. If filing a counterclaim is not "bringing an action" for the 90-day limitations period of section 1415(i)(2)(B), then it is not "bringing an action" for purposes of challenging the finality of the hearing officer's determination under section 1415(i)(2)(A). In other words, a party would not have the right to bring a *counterclaim*

to challenge a determination by a hearing officer under the IDEA. The other provisions of

section 1415(i) confirm that Ingenuity's counterclaim is barred by the 90-day limitations period.

In another IDEA case from this district, Judge Lamberth dismissed a defendant's

counterclaim as untimely. *Reusch*, No. 04-cv-00266-RCL, slip op. at 15. At the time, there was

a 30-day period during which a party could challenge the hearing officer's determination under

IDEA.[3] *Id.* at 12. The defendants argued that it was unfair that the plaintiff could wait and file

its complaint right before the statute of limitations expired. *Id.* at 14. But Judge Lamberth

explained that "[d]efendants were free to bring this appeal during the same . . . period that

plaintiff faced." *Id.* at 15. That is also true here: Ingenuity was free to challenge the hearing

officer's determination during the same 90-day period that Mr. Lloyd faced.

In its objections to the Report and Recommendation, Ingenuity urges the Court to follow

*Jonathan H.*, 562 F.3d 527. Objs. at 2–3. In that case, the Third Circuit held that "the plain

language of the IDEA allows for a compulsory counterclaim to be filed beyond the 90–day

window for bringing a civil action." *Jonathan H.*, 562 F.3d at 528. While the Third Circuit

acknowledged that "action" could include counterclaims, it focused on the phrase "bring an

action." *Id.* at 529. According to the Third Circuit, "a defendant does not 'bring an action' by

asserting a counterclaim; only a plaintiff may 'bring an action' for purposes of the IDEA." *Id.* at

530.

The Court is not persuaded by *Jonathan H.* The Third Circuit, in its brief opinion,

offered no precedent for its holding that "to bring an action" cannot include filing a

counterclaim. True, an action is "brought" when a plaintiff files a complaint—certainly section

---

[3]  The 90–day time restriction in the IDEA has been in effect since 2005. Previously, the courts in this
circuit borrowed D.C. Ct. App. R. 15(a)(2) and held that these actions had to be filed within 30 days. *See
Spiegler v. District of Columbia*, 866 F.2d 461, 469 (D.C. Cir. 1989).

1415(i)(2)(B) would apply to a complaint—but the court gave little explanation for why it would not also apply to a counterclaim.  And the Third Circuit did not consider how the other statutory provisions use the phrase "to bring an action," as discussed by the Magistrate Judge here.

Admittedly, the weight of authority supports Ingenuity's claim.  *See* Objs. at 2 (collecting cases holding that the 90-day limitations period does not apply to a counterclaim in an IDEA lawsuit).  But most of these cases follow *Jonathan H.* without further analysis or explanation.  For example, in *LaNisha T. v. New Caney Independent School District*, the Fifth Circuit noted that its circuit precedent—which held that section 1415(i)(2)(B) does not apply to counterclaims—offered *Jonathan H.* as its "only authority."  806 F.3d 310, 316 n.4 (5th Cir. 2015).

*Jonathan H.* may be an example of "bad facts make bad law."  There, the plaintiff challenged a mixed result from an administrative agency on the last day before the statute of limitations expired.  *Jonathan H.*, 562 F.3d at 528.  The court expressed concern that IDEA litigants, who had partially succeeded at the administrative level, would file complaints "even when they otherwise would countenance the administrative judgment."  *Id.* at 530.  They would be motivated by a fear that their adversaries would file their own complaints right before the statute of limitations period expired.  *Id.*  The court thought that "this would cause unnecessary litigation."  *Id.*  But that is not what happened here.  Rather, Mr. Lloyd accepted his partial success and sought only attorneys' fees. Compl. at 1.  He did not multiply litigation or even challenge the original award.  In fact, there is no chance his substantive relief will increase.  Rather, he made an ordinary fee request as provided by the IDEA.

Adopting Ingenuity's position would discourage attorneys' fees actions under 20 U.S.C. § 1415(i)(3).  The purpose of fee shifting statutes is "to promote citizen enforcement of

important federal policies." *Bd. of Trustees of Hotel & Rest. Emps. Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998). But under Ingenuity's reading of section 1415(i)(2)(B), successful IDEA litigants would hesitate to bring actions for attorneys' fees because doing so would allow their adversaries to challenge the hearing officer's determination, essentially re-opening the otherwise final adjudication, regardless of the typical 90-day limitations period. A prevailing party would risk his prevailing party status just by seeking attorneys' fees. Such a rule would frustrate the purpose of IDEA's fee shifting provision.

Mr. Lloyd also suggests that Ingenuity's interpretation would violate the Rules Enabling Act ("Act"), 28 U.S.C. § 2072(b). Reply at 8. The Rules Enabling Act establishes that the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). According to him, Ingenuity is asking the Court to use the Federal Rule of Civil Procedure 13(a)—which allows counterclaims—to lift the statute of limitations in 20 U.S.C. § 1415(i)(2)(B). Such a reading, argues Mr. Lloyd, would expand a party's right to appeal under the IDEA and violate the Rules Enabling Act.

To the extent Ingenuity is suggesting that Rule 13(a) trumps the IDEA's statute of limitations, Mr. Lloyd's response seems right. *See* 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1419 at 151 (2d ed. 1990) ("[I]f defendant's claim already is barred when plaintiff brings suit . . . the fact that the tardily asserted claim is a compulsory counterclaim does not serve to revive defendant's right to assert it."). But Ingenuity did not make this argument to the Magistrate Judge, so the Court need not consider it now. *See Taylor v. District of Columbia*, 205 F. Supp. 3d 75, 89 (D.D.C. 2016) (explaining that failure to present an argument to the Magistrate Judge constitutes waiver).

Because Ingenuity's counterclaim is untimely, the last inquiry is whether it can be saved by tolling. In its Objections, Ingenuity offers no reason the statute of limitations should be tolled here, and the Court sees no error in the Magistrate Judge's analysis on this point.

\*\*\*

For all these reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Dismiss is GRANTED.

Dated: March 18, 2019

TREVOR N. McFADDEN, U.S.D.J.